## BYRON SAMUEL STRONG,
*Appellant,*

*v.*

## KEENEY,
*Respondent.*

(85-0040; CA A39193)

731 P2d 1070

Jay R. Jackson, Salem, argued the cause and filed the brief for appellant.

David L. Kramer, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Scott McAlister, Assistant Attorney General, Salem.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

In this post-conviction proceeding, ORS 138.510 *et seq,* petitioner, an enrolled member of the Siletz Indian Tribe of the Siletz Reservation, appeals a judgment for defendant. The court granted defendant's motion for judgment on the pleadings, ORCP 21B, and dismissed the petition. We affirm.

On March 26, 1982, petitioner was convicted of Burglary I and Theft I in the Umatilla County Circuit Court. Petitioner committed the crimes on July 2, 1980, on the Umatilla Indian Reservation in Umatilla County. At that time, Oregon had jurisdiction over crimes committed on the Reservation. 18 USC § 1162. On May 13, 1980, Oregon had offered to the United States to retrocede all criminal jurisdiction that Congress had conferred on it over the Umatilla Indian Reservation with respect to persons, such as defendant, who were enrolled then or thereafter as members of an Indian tribe. Or Exec Order No. EO-80-8. The offer did not include jurisdiction which attached before January 2, 1981, at 12:01 a.m., the date and time that the Commissioner of Indian Affairs of the United States accepted criminal jurisdiction. 46 Fed Reg 2195 (1981).

The post-conviction court did not err. When the court convicted and sentenced petitioner on March 26, 1982, it was exercising jurisdiction over crimes that defendant committed on the reservation on July 2, 1980. *United States v. Strong,* 778 F2d 1393 (9th Cir 1985).[1]

---

[1] In *United States v. Strong, supra,* the defendant, the same person as defendant here, appealed his federal conviction for having an ex-convict in possession of a firearm. The federal Court of Appeals rejected the defendant's claim that Oregon lacked jurisdiction over him when it convicted him of the predicate burglary offense, which was the burglary involved in this case. The court stated:

"The fact that Oregon no longer had jurisdiction over the situs of the offense at the time of prosecution is irrelevant. In determining whether a state has jurisdiction to prosecute, the courts have inquired whether the state had jurisdiction at the time the offense was committed. * * * A different conclusion would result in crimes committed before cession going unpunished if prosecution was not completed before cession occurred. In such a case neither the federal government nor the tribal government to whom the United States retroceded jurisdiction would have jurisdiction to prosecute. Surely Oregon did not intend to produce such a 'judicial chasm' when it ceded jurisdiction, and its order of cession should not be so interpreted. * * * We interpret the order as retaining Oregon's jurisdiction to prosecute any crimes occurring on the reservation up to the date of acceptance, even if prosecution is not completed until after that date." 778 F2d at 1293. (Citations and footnote omitted.)

Petitioner's argument that he was also denied the effective assistance of counsel is without merit. There was no jurisdictional defect and, consequently, it was not ineffective assistance of counsel not to raise that defense.

Affirmed.